# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 60151-6-II |
| PATRICIA MILDRED HOWES, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| GREGORY WAYNE HOWES, | |
| Respondent. | |

CHE, J. — Patricia Howes[1] appeals the trial court's denial of her motion to strike Gregory Howes' "pleadings" due to Howes' repeated and willful discovery violations. Clerk's Papers (CP) at 39. She argues that the trial court abused its discretion in declining to strike the pleadings before—or, in the alternative, midway through—trial, and she asks us to reverse these decisions. But the record before us does not include the pleadings at issue nor provides sufficient indication of their content. On this incomplete record, we decline to consider the merits of Patricia's appeal because she fails to perfect the record. Accordingly, we affirm.

---

[1] Because the parties share a surname, we use the parties' first names for clarity. No disrespect is intended.

FACTS

Leading up to a bench trial to enter a final dissolution order, a parenting plan, and child support order, the trial court sanctioned Gregory multiple times due to discovery violations. Through two orders on motions to compel, the trial court imposed $10,000 in discovery sanctions, as well as ordered Gregory to pay Patricia $1,645 in attorney fees and costs.

Before trial, because Gregory continued to fail to comply with trial court's discovery orders, Patricia moved to strike Gregory's "pleadings" under CR 37 for the "repeated and willful discovery violations."[2] CP at 39. Under CR 37(b)(2), the court in which an action is pending may "make such orders in regard to [a party's failure to obey an order to provide or permit discovery] as are just," including striking a party's pleadings.

The trial court considered Patricia's motion in limine and whether to impose the sanctions under CR 37 by applying the three factors set out in *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997): "one, whether the violation was willful or deliberate; two, whether the violation of discovery substantially prejudiced the opposing parties' ability to prepare for trial; and three, whether lesser sanctions would probably suffice." 1 Rep. of Proc. (RP) at 21. The trial court found that, after multiple hearings and sanctions for discovery violations, Gregory produced "a significant number" but not all of the requested records. 1 RP at 27. Given this history, the trial court stated that it was hard to think that Gregory's conduct was "anything other than willful or deliberate." 1 RP at 26. Accordingly, the court could not

---

[2] In her motion to strike Gregory's pleadings, Patricia additionally asked the trial court to "exclude [Gregory's] testimony from trial." CP at 46. The trial court did not exclude Gregory's testimony from trial. Patricia does not assign any error to the trial court's decision not to exclude Gregory's testimony from trial.

imagine what lesser sanction would suffice given that it had already imposed a $10,000 discovery sanction on Gregory.

But the trial court ultimately denied Patricia's motion because it could not find that Patricia established that any discovery violation substantially prejudiced her ability to prepare for trial. The trial court reasoned:

> [I]t does seem like if—there's been a significant number of records finally given up. It does appear that there may well be some significant documents and discovery not provided, but how significant it is, I don't know, given that [Patricia's counsel] has candidly, and he should, pointed out that at least some of the records that you wanted, or at least some of the information, maybe, as opposed to records, is available publicly because [Gregory] has obligations to file certain documents with the state in [a regulated] business, and so I'm not sure I can find that that's happened here on this record.

1 RP at 27-28.

Patricia asked the trial court, "if the Court's not satisfied with the amount of facts that were made in the pretrial," whether the court could reserve ruling on her motion to strike Gregory's pleadings. 1 RP at 30. The trial court responded, "I suppose I could always reconsider at some point, but we'll see." 1 RP at 30.

At the close of Patricia's case-in-chief, Patricia asked the trial court to reconsider striking Gregory's pleadings or, alternatively, limit Gregory's exhibits to those admitted during Patricia's case-in-chief. The trial court did not strike Gregory's pleadings and stated it would rule on proffered evidence on a case-by-case basis. In closing, Patricia again asked the trial court to reconsider striking Gregory's pleadings. The trial court declined.

After the bench trial where both Patricia and Gregory, among others, testified, the trial court filed a letter ruling regarding the parties' marriage and entered written findings and

conclusions about the marriage, a final divorce order, a final parenting plan, and a final child support order. Among other findings, the trial court found:

> [Gregory's] discovery responses were so inadequate and dilatory he was sanctioned by the Court several times. While he provided some information, it was so inconsistent, and the data contained so many gaps as to be nearly worthless for purposes of this litigation.

CP at 69. The trial court also appeared to find most of Gregory's testimony not helpful nor credible in resolving the issues at trial. *See* 4 RP at 587-88 ("I don't get it with you . . . you couldn't answer a direct question most of the time when you were testifying. You really couldn't. You wandered all around the maypole and I got all kinds of mixed sort of answers from you . . . I don't think you were trying to lie to me, maybe you were, I don't know, but you weren't really answering anything. In a way it's like this—this almost sounds like a politician who doesn't know the answer but is going to tell me all kinds of other stuff and hope the person who asked the questions goes away. . . . I've heard testimony from lots of people over lots of years and this was kind of the emptiest, nonsensical."), 591 ("[L]ike asking [Gregory] a question. We got all kinds of nice sounding words which signified nothing in the end.").

Patricia appeals.

ANALYSIS

Patricia argues that the trial court erred in denying her motion to strike Gregory's pleadings before the bench trial or, alternatively, denying her midtrial motion to reconsider the court's pretrial decision. Patricia does not identify the pleadings she requested be stricken, and it is not clear from the record to what the pleadings pertained.

An appellant bears the burden of perfecting the record so that we may consider all the evidence relevant to deciding the presented issue. *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277

P.3d 9 (2012). "When an appellant fails to so perfect the record, we are necessarily compromised in our ability to fairly evaluate the findings in light of that record." *Yorkston v. Whatcom County*, 11 Wn. App. 2d 815, 824, 461 P.3d 392 (2020). Because Patricia has failed to perfect the record before us, we decline to consider Patricia's argument.

Here, Patricia asks us to reverse the trial court's decisions not to strike Gregory's "pleadings" prior to or during trial; however, Patricia failed to include those pleadings in the record on appeal. Without an idea of what pleadings Patricia asked the trial court to strike, we cannot fairly consider whether the trial court abused its discretion or if any error warrants reversal. We also cannot fairly review to what extent Patricia was prejudiced in her ability to prepare for trial to warrant striking these unknown pleadings. And, without those pleadings, we cannot evaluate to what extent they impacted the outcome of the trial.

Of note, Patricia does not challenge any final order resulting from the trial nor shows how any aspect of those final rulings would have been different without the pleadings Patricia requested to be stricken. Accordingly, even if Patricia had provided the challenged pleadings in the record on appeal, she fails to show any prejudice from the trial court's pretrial or midtrial decisions not to strike any pleadings.

Ultimately, because Patricia has failed to designate the at-issue pleadings as part of the record on appeal, we decline to consider the merits of her claim.

ATTORNEY FEES ON APPEAL

Patricia requests attorney fees on appeal pursuant to RCW 26.09.140 and because her appeal derives directly from Gregory's intransigence below.

Under RAP 18.1(a), we may award attorney fees and costs "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" before our court. RCW 26.09.140 provides us with discretion to award reasonable attorney fees to a party on appeal after considering the financial resources of both parties and balancing the needs of the requesting party against the ability for the other party to pay. *In re Marriage of Tupper*, 15 Wn. App. 2d 796, 815, 478 P.3d 1132 (2020). However, in addition to considering the parties' relative ability to pay, we also consider "'the arguable merit of the issues raised on appeal'" in determining whether to award attorney fees under RCW 26.09.140. *Id.* at 815 (quoting *In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005)).

Additionally, separate from RCW 26.09.140's statutory basis for awarding attorney fees, we may award attorney fees on appeal based upon the intransigence of one party under equity principles. *In re Marriage of Chandola*, 180 Wn.2d 632, 656, 327 P.3d 644 (2014). Washington courts have granted such awards when a party "'engaged in foot-dragging and obstruction . . . or simply when one party made the trial unduly difficult and increased legal costs by his or her actions.'" *Id.* at 657 (internal quotation marks omitted) (quoting *In re Marriage of Katare*, 175 Wn.2d 23, 42, 283 P.3d 546 (2012)).

While a party's intransigence before the trial court may support an award of attorney fees on appeal, we may decline an award of attorney fees on appeal where there is no connection between the intransigent party's actions below and their conduct in the matter before us. *See In re Marriage of Buchanan*, 150 Wn. App. 730, 740, 207 P.3d 478 (2009) (declining to award attorney fees to the respondent on appeal because, in part, the respondent did not demonstrate the appellant's intransigence before the appellate court); *In re Marriage of Mattson*, 95 Wn. App.

No. 60151-6-II

592, 606, 976 P.2d 157 (1999) (awarding attorney fees of appeal to the respondent because of appellant's intransigence at trial and their appeal of the trial's outcome).

Despite Gregory's intransigence below, here Patricia brought this ultimately unsuccessful appeal and has not demonstrated intransigence by Gregory before this court. We decline to award Patricia attorney fees on this appeal.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

L__, J.